**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

Attorneys for Plaintiff, KENNETH HOAGLAND

[Additional Counsel of Following Page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HOAGLAND, individually and on behalf of others similarly situated, | ) )<br>) Case No. **'19 CV0750 BAS JLB**<br>) |
| Plaintiff, | ) **CLASS ACTION**<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| H&R BLOCK, INC. and AXOS BANK, | )<br>) |
| Defendants. | ) |

**1**
**CLASS ACTION COMPLAINT**

Jeffrey S. Goldenberg
(*pro hac to be filed*)
GOLDENBERG SCHNEIDER, L.P.A.
One W. 4th St., 18th Floor
Cincinnati, OH 45202
Telephone: (513) 345-8297
jgoldenberg@gs-legal.com

Joseph M. Lyon (*pro hac to be filed*)
THE LYON FIRM
2021 Auburn Ave.
Cincinnati, OH 45219
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

Alexander H. Burke (*pro hac to be filed*)
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com

*Counsel for Plaintiff*

1

## CLASS ACTION COMPLAINT

1.     Plaintiff Kenneth Hoagland brings this action against H&R Block, Inc. ("H&R Block") and Axos Bank ("Axos"), collectively "Defendants," to secure redress for their sending numerous nonconsensual, autodialed text message calls to the cellular telephone numbers of Plaintiff and others, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Defendants continued to send Plaintiff automated texts even after Plaintiff had requested several times that the texts stop.

## INTRODUCTION

3.     Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology also has brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread abuses. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012) (noting that federal legislation – the TCPA – was enacted after Congress found that callers, "by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls").

4.     As is relevant here, the TCPA prohibits "mak[ing] any call (other than

1    a call made for emergency purposes or made with the prior express consent of the

2

3    called party) using any automatic telephone dialing system or an artificial or

4    prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone

5    service[.]" 47 U.S.C. § 227(b)(1)(A)(iii).

6
        5.     Text messages are "calls" under the TCPA. *In re Rules & Regs.*
7

8    *Implementing the TCPA*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

9         6.     The TCPA provides for injunctive relief and the greater of actual

10
   damages or $500 per violation, which can be trebled where the statute was "willfully
11

12    or knowingly" violated. 47 U.S.C. § 227(b)(3).

13         7.     H&R Block and Axos Bank caused multiple, unsolicited, autodialed

14
   text message calls to be made to Plaintiff's cell phone, causing Plaintiff aggravation
15

16    and inconvenience. Plaintiff files this class action complaint on behalf of himself

17    and others similarly situated, seeking relief from these illegal calling practices.

18
                                **JURISDICTION AND VENUE**
19

20         8.     This Court has federal question subject matter jurisdiction over this

21    action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims*,

22
   565 U.S. at 372.
23

24         9.     Additionally, the Court has subject matter jurisdiction pursuant to the

25    Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d)(2). The matter in

26
   controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as
27

28

each member of the proposed Class of at least tens of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a nationwide class, which will result in at least one Class member residing in a state different from Defendants.

10.     Venue is appropriate in this District under 28 U.S.C. § 1391(a) because Axos is based here, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## PARTIES

11.     Plaintiff Kenneth Hoagland is a natural person and a citizen of the State of Kentucky, who resides in Jefferson County, Kentucky. At all relevant times, Plaintiff was the subscriber for the cellular telephone at issue.

12.     Defendant H&R Block, Inc. is a Missouri company headquartered at One H&R Block Way, Kansas City, Missouri 64105.

13.     Defendant Axos Bank is a technology-driven financial services company providing a diverse range of innovative banking products and services for personal, business and institutional clients nationwide. Axos Bank is the bank behind H&R Block's branded prepaid credit cards, including the Emerald card. Axos is headquartered in San Diego, California.

## FACTS

14.     H&R Block and/or Axos have sent multiple text message calls to

Plaintiff's cellular telephone.

15. The text messages consisted largely of account-related communications, such as a customer survey, notifications about charges to the person's H&R Block Emerald Card debit card, H&R Block appointment reminders, and messages about the person's tax return and a refund advance loan.

16. For example, H&R Block and Axos sent Plaintiff the following text message on February 2, 2019, from short code 71577:

> HRBLOCK: Axos Bank(R) has approved your Refund
> Advance loan for $500.00. Funds are being loaded to your
> H&R Block Emerald Prepaid Mastercard(R).

17. Defendants also sent Plaintiff numerous credit-related text messages from short code 58084 on February 7, 2019:

> $11.28 charge was made to Emerald Card 1533. Avail bal
> $1.26. Full access at hrblock.com/emeraldcard. Reply
> STOP to Cancel.

18. H&R Block and/or Axos have sent Plaintiff more than fifty such text messages.

19. Plaintiff has no relationship with either H&R Block or Axos. Neither H&R Block nor Axos had Plaintiff's consent to receive these messages.

20. Defendants knew they did not have consent to send these messages: Plaintiff notified H&R Block that it was sending texts to the wrong person and requested that the texts stop multiple times, to no avail. Defendants kept sending him

text message calls.

21.     On information and belief, H&R Block and/or Axos logged Plaintiff's wrong-number notifications/do-not-call requests in their systems, but kept sending texts in spite of this. Alternatively, they should have logged the request, but failed to do so.

22.     Within the four years prior to the filing of this action, Defendants – and each of them – caused autodialed text message calls to be made to the cell phones of Plaintiff and other consumers, without the prior express consent of the called party.

23.     Defendants caused the text message calls at issue to be made using an automatic telephone dialing system, as that term is used in the TCPA.

24.     The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers when it made the text message calls to plaintiff and the class. These text message calls were made with equipment capable of dialing numerous phone numbers in a short period of time without human intervention, as part of an automated process.

25.     The equipment had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such

numbers.  In other words, no human being physically dialed each digit of Plaintiff's and the other class members' telephone numbers to call their phones—the text message calls were made automatically pursuant to a computer program that was programmed to automatically decided what phone numbers to call when, and what to say in the text messages.

26.    The autodialer accessed a dataset of Defendant, sorted through that dataset to determine which data to use to generate a list of numbers to call, generated a brand-new sequence for calling those numbers based upon complex algorithms, and then called the numbers. The dialer randomly and sequentially generated phone numbers for calling from a dataset, and then automatically called those numbers to send the text messages.

27.    Defendants' violations were negligent. Alternatively, Defendants made these text message calls to Plaintiff and the other members of the class defined below intentionally. Defendants were well aware of the TCPA's prohibitions against use of autodialers in calls to consumers, but made the business decision to send these text messages, anyway.

28.    This is not H&R Block's first time facing allegations of TCPA violations. In 2007, H&R Block received an official citation from the FCC for violating    the    TCPA's    prohibition    against    junk    faxing.    *See* https://docs.fcc.gov/public/attachments/DOC-303369A1.pdf.

29.   Upon information and belief, Defendants each keep records and data from which they can determine which autodialed text message calls made without consent.

30.   Plaintiff and the class have been damaged by these text message calls. Their privacy was improperly invaded, Defendant's text message calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the text messages. Defendant's text messages were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims*, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to autodialed calls).

## Class Action Allegations

31.   Plaintiff brings this action on behalf a class, defined as follows:

All non-customers in the United States whose cellular telephone number, (a) H&R Block or Axos, or someone on either of their behalf, placed a text message, (b) using the same or similar system used to place any text message call to Plaintiff's phone number.

32.   Based upon the automated nature of the messages at issue, it is reasonable to infer that Defendants placed thousands such messages in the four years leading up to this case.

33.   Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited

to:

    a.  Whether the text messages identified herein were made using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b.  Whether Defendants had "prior express consent" to make the text message calls to non-customers, such as Plaintiff and the class; and

    c.  Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

34.    Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Defendants' liability to Plaintiff and the other members of the class are the same: Defendants violated the TCPA by causing autodialed text message calls to be made to the cellular telephone number of each member of the class, without permission.

35.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

36.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

37.     No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

39.     The identity of the class is, on information and belief, readily identifiable from Defendants' records.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (Autodialed and/or Artificial or Prerecorded Voice Call Violations)

40.     Plaintiff re-alleges and incorporates all foregoing allegations.

41.     It is a violation of the TCPA to make "any call (other than a call made

for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

42.    A text message is a "call" under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

43.    Defendants initiated or caused to be initiated text message calls to the cellular telephone numbers of Plaintiff and the other members of the class using an automatic telephone dialing system or an artificial or prerecorded voice.

44.    These calls were made to non-customers who are persons who had not previously provided permission to receive texts from Defendants. Plaintiff and the class members are non-customers.

45.    Defendants violated the TCPA when they made the calls alleged herein.

46.    As a result of Defendants' conduct, and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation.

47.    Moreover, given the facts and circumstances here, including that H&R Block has been cited by the FCC for TCPA violations before, it is apparent that injunctive relief is necessary to wrench compliance. Plaintiff and the class therefore request an injunction against future automated calls to non-customers, pursuant to

47 U.S.C. § 227(b)(3).

48.     Because Defendants knew or should have known that neither Plaintiff nor the class had given prior express consent to receive text messages to their cell phones—and/or willfully caused such text message calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA. *Krakauer v. Dish Network LLC*, 2017 WL 2242952 (M.D.N.C. May 22, 2017) (trebling TCPA damages after $21M jury verdict in favor of class).

WHEREFORE, Plaintiff Kenneth Hoagland, individually and on behalf of the class, respectfully requests that the Court enter judgment against each Defendant for:

A.     Certification of the class as alleged herein;

B.     A declaration that Defendants – and each of them – violated the TCPA as to Plaintiff and the class;

C.     Injunctive relief aimed at preventing future automated calls to non-customers' cell phones;

D.     Damages pursuant to 47 U.S.C. § 227(b)(3);

E.     Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F.     Such other or further relief as the Court deems just and proper.

///

///

///

1 | Dated: April 23, 2019

Respectfully submitted,

KENNETH HOAGLAND, individually and
on behalf of others similarly situated,

By: /s/Kiley Grombacher

Kiley Grombacher
BRADLEY/GROMBACHER, LLP
2815 Townsgate Rd., Suite 130
Westlake Village, CA 91361
Telephone: (805) 270-7100
kgrombacher@bradleygrombacher.com

Jeffrey S. Goldenberg
(*pro hac to be filed*)
GOLDENBERG SCHNEIDER, L.P.A.
One W. 4th St., 18th Floor
Cincinnati, OH 45202
Telephone: (513) 345-8297
jgoldenberg@gs-legal.com

Joseph M. Lyon (*pro hac to be filed*)
THE LYON FIRM
2021 Auburn Ave.
Cincinnati, OH 45219
Telephone: (513) 381-2333
jlyon@thelyonfirm.com

Alexander H. Burke (*pro hac to be filed*)
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com

*Counsel for Plaintiff*

1

## **JURY DEMAND**

2

Plaintiff requests a trial by jury of all claims that can be so tried.

3

4

Dated: April 23, 2019

Respectfully submitted,

5

6

KENNETH HOAGLAND, individually and
on behalf of others similarly situated,

7

8

By: /s/Kiley Grombacher
Kiley Grombacher

9

BRADLEY/GROMBACHER, LLP
2815 Townsgate Rd., Suite 130

10

Westlake Village, CA 91361
Telephone: (805) 270-7100

11

kgrombacher@bradleygrombacher.com

12

13

Jeffrey S. Goldenberg
(*pro hac to be filed*)

14

GOLDENBERG SCHNEIDER, L.P.A.
One W. 4th St., 18th Floor

15

Cincinnati, OH 45202
Telephone: (513) 345-8297

16

jgoldenberg@gs-legal.com

17

18

Joseph M. Lyon (*pro hac to be filed*)
THE LYON FIRM

19

2021 Auburn Ave.
Cincinnati, OH 45219

20

Telephone: (513) 381-2333
jlyon@thelyonfirm.com

21

22

Alexander H. Burke (*pro hac to be filed*)
BURKE LAW OFFICES, LLC

23

155 N. Michigan Ave., Suite 9020

24

Chicago, IL 60601
Telephone: (312) 729-5288

25

aburke@burkelawllc.com

26

*Counsel for Plaintiff*

27

28